UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

Y.Z.Y., INC.,

    Plaintiff,

vs.

AZMERE USA INC., and
KAZI JHOSEY,

    Defendants.
_____/

**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION**

Plaintiff, Y.Z.Y., Inc., by and through its undersigned counsel, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark counterfeiting, pursuant to the Trademark Counterfeiting Act of 1984, 15 U.S.C. §§1116, 1117, seizure of counterfeit products bearing Plaintiff's trademarks and trade dresses, and the records and things documenting the sale or receipt of the counterfeit products, as well as treble damages, costs and attorney fees and/or statutory damages.  Plaintiff additionally seeks injunctive and monetary relief, including attorney fees and costs, for trademark and trade dress infringement in violation of Sections 32 and 43 of the Lanham Trademark Act, 15 U.S.C. §§ 1114, 1125, and compensatory and punitive damages for unfair competition under Florida common law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C.

§1121, and 28 U.S.C. §§1331, 1338 and 1367.

3. The Defendants are subject to the personal jurisdiction of this Court in that they transact or do business in Florida, and the infringing and counterfeit products which are the subject of this action have been sold to Florida residents.

4. Venue is properly founded in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

5. Plaintiff Y.Z.Y., Inc. is a Florida corporation with its principal place of business address located in Miami-Dade County, Florida.

6. Defendant Azmere USA Inc. is a New York corporation, and upon belief, conducts and has conducted business within this district.

7. Defendant Kazi Jhosey, upon belief, transacts business within Florida and this district, is the primary moving, active and conscious force behind the defendant corporation.

## PLAINTIFF'S TRADEMARK AND TRADE DRESS RIGHTS

8. Plaintiff is the owner of all right, title and interest in the federal trademark registration DOUBLE DIAMOND, U.S. Reg. No. 3,249,961, which is valid, subsisting, and incontestible. Exhibit A.

9. Since at least as early as 2006, Plaintiff has conducted business in commerce of the United States as a manufacturer, distributor and wholesaler of fragrances bearing the DOUBLE DIAMOND trademark.

10. The trade dress of Plaintiff's DOUBLE DIAMOND product sold has non-functional distinctive features which consumers have come to associate with Plaintiff and its products. Attached as Exhibit A1 is the container packaging of Plaintiff's DOUBLE DIAMOND

trademarked product showing, in part, "EXCLUSIVE DISTRIBUTION FOR U.S.A AND ISLAND BY Y.Z.Y., INC. - MIAMI, FL 33166." Attached as Exhibit A2 is the bottle packaging containing Plaintiff's DOUBLE DIAMOND fragrance.

11. Plaintiff has extensively advertised, promoted and marketed, and otherwise used its mark in commerce of the United States, including this district.

12. Product bearing the DOUBLE DIAMOND trademark and trade dress has come to be known by the consuming public throughout the United States as a fragrance of the highest quality. Accordingly, the DOUBLE DIAMOND trademark and trade dress and the good will associated with them are of extraordinary value to Plaintiff.

13. Consumers of Plaintiff's product are familiar with Plaintiff's DOUBLE DIAMOND trademark and trade dress, and would likely presume that a product bearing DOUBLE DIAMOND as a trademark, or offered for sale in packaging featuring the trade dress associated with it originates, or is otherwise associated with, Plaintiff.

14. Plaintiff is also the owner of all right, title and interest in the federal trademark registration INSURRECTION, U.S. Reg. No. 2,461,807, which is valid, subsisting, incontestible, and renewed. Exhibit B.

15. Since at least as early as 2000, Plaintiff has conducted business in commerce of the United States as a manufacturer, distributor and wholesaler of fragrances bearing the INSURRECTION trademark.

16. The trade dress of Plaintiff's INSURRECTION product sold has non-functional distinctive features which consumers have come to associate with Plaintiff and its products. Attached as Exhibit B1 is the container packaging of Plaintiff's INSURRECTION trademarked

  product showing, in part, "Y.Z.Y. EXCLUSIVE DISTRIBUTOR FOR THE US & ISLAND."  Attached as Exhibit B2 is the bottle packaging containing Plaintiff's INSURRECTION fragrance.

17. Plaintiff has extensively advertised, promoted and marketed, and otherwise used its mark in commerce of the United States, including this district.

18. Product bearing the INSURRECTION trademark and trade dress has come to be known by the consuming public throughout the United States as a fragrance of the highest quality. Accordingly, the INSURRECTION trademark and trade dress and the good will associated with them are of extraordinary value to Plaintiff.

19. Consumers of Plaintiff's product are familiar with Plaintiff's INSURRECTION trademark and trade dress, and would likely presume that a product bearing INSURRECTION as a trademark, or offered for sale in packaging featuring the trade dress associated with it originates, or is otherwise associated with, Plaintiff.

## DEFENDANTS' INFRINGEMENT

20. Defendant Azmere USA Inc. does business selling fragrances.

21. Well after Plaintiff began using its DOUBLE DIAMOND and INSURRECTION trademarks and trade dresses in commerce of the United States, Defendant Azmere USA Inc. commenced marketing, selling and distributing fragrance products bearing reproductions, counterfeits, copies and colorable imitations of the DOUBLE DIAMOND and INSURRECTION trademarks and trade dresses.  Attached as Exhibit C1 is the container packaging of product sold by Defendant Azmere USA Inc. under Plaintiff's DOUBLE DIAMOND trademarked product and trade dress showing, in part, without authorization or

permission of Plaintiff, "EXCLUSIVE DISTRIBUTION FOR U.S.A AND ISLAND BY Y.Z.Y., INC. - MIAMI, FL 33166." Attached as Exhibit C2 is the bottle packaging sold by Defendant Azmere USA Inc. containing Plaintiff's DOUBLE DIAMOND fragrance. Attached as Exhibit D1 is the container packaging of product sold by Defendant's Azmere USA Inc. under Plaintiff's INSURRECTION trademarked product and trade dress showing, in part, without authorization or permission of Plaintiff, "Y.Z.Y. EXCLUSIVE DISTRIBUTOR FOR THE US & ISLAND." Attached as Exhibit D2 is the bottle packaging sold by Defendant Azmere USA Inc. containing Plaintiff's INSURRECTION fragrance.

22. The counterfeit products distributed and sold by Azmere USA Inc. use marks that are confusingly similar with Plaintiff's DOUBLE DIAMOND and INSURRECTION registered trademarks, and use packaging and imagery that are confusingly similar with the trade dresses associated with Plaintiff's DOUBLE DIAMOND and INSURRECTION registered trademarks.

23. Upon information and belief, Azmere USA Inc. purchased and sold the counterfeit DOUBLE DIAMOND and INSURRECTION products knowing them to be counterfeit, or at a minimum, purchased and sold the counterfeit products with willful blindness to the authenticity and genuineness of the products.

24. Upon information and belief, Defendant Kazi Jhosey actively participated in the purchase, marketing, sale and distribution of the counterfeit products, supervised and directed the infringing activity of Azmere USA Inc., and has a direct financial interest in such activities.

25. The sale and distribution of the counterfeit products by Defendants have and will cause substantial and irreparable damage to Plaintiff in at least the following respects:

    a.    The infringement by Defendants of Plaintiff's registered trademarks and trade dresses will mislead and confuse consumers as to the source or origin of the products;

    b.    The distribution and sale by Defendants of the counterfeit products will cause irreparable damage to the invaluable reputation and goodwill that Plaintiff has built for its trademarks and trade dresses;

    c.    When the consumer purchases the counterfeit products, the consumer will be misled into believing that he or she is purchasing Plaintiff's products.  However, the counterfeit products potentially expose the consumer to, among other things, a lower quality of product having a fragrance of less quality and desire than that of the DOUBLE DIAMOND and INSURRECTION products produced by Plaintiff, the hazards of contaminated ingredients, defective manufacture or negligent handling; and

    d.    The infringement by Defendants of Plaintiff's trademarks and trade dresses will dilute the distinctive quality of the trademarks and trade dresses.

### PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT I: TRADEMARK INFRINGEMENT AND COUNTERFEITING UNDER THE LANHAM ACT

26.    Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27.    In violation of 15 U.S.C. §1114(1)(a), Defendants used, and are using, in commerce of the United States, without Plaintiff's consent, either reproductions, counterfeits, copies or colorable imitations of Plaintiff's registered DOUBLE DIAMOND and INSURRECTION trademarks in connection with the sale, offering for sale, distribution, or advertising of

counterfeit products which use is likely to cause confusion, or cause mistake or to deceive.

28. In violation of 15 U.S.C. §1114(1)(b), Defendants reproduced, counterfeited, copied or colorably imitated Plaintiff's registered DOUBLE DIAMOND and INSURRECTION trademarks and applied such reproduction, counterfeit, copy or colorable imitations to labels and packages intended to be used in commerce upon or in connection with the offering for sale, distribution or advertising of counterfeit products which use is likely to cause confusion, to cause mistake or to deceive.

29. In violation of 15 U.S.C. §1125(a)(1)(A), Defendants, in connection with the counterfeit products, use in commerce a word, term, name, symbol, or device or combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which is likely to cause confusion or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's goods by Plaintiff.

30. In violation of 15 U.S.C. §1125(a)(1)(B), Defendants, in connection with the sale of counterfeit products, use in commerce a word, term, name, symbol, or device or combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, in commercial advertising or promotion, which misrepresents the nature, characteristics, qualities or origin of the counterfeit products.

31. Defendants continue their violations of Plaintiff's rights and do so willfully.

32. Plaintiff has been and continues to be injured by the Defendants' activities and conduct. Defendants have profited thereby and, unless Defendants are enjoined, Plaintiff's business, goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated for solely by money damages.

## COUNT II: TRADE DRESS INFRINGEMENT

33. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

34. Plaintiff's trade dresses are not functional.

35. Plaintiff's trade dresses are inherently distinctive.

36. In violation of 15 U.S.C. §1125(a)(1)(A), Defendants, in connection with the counterfeit products and packaging, use in commerce a word, term, name, symbol, or device or combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which is likely to cause confusion or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's goods by Plaintiff.

37. In violation of 15 U.S.C. §1125(a)(1)(B), Defendants, in connection with the sale of counterfeit products and packaging, use in commerce a word, term, name, symbol, or device or combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, in commercial advertising or promotion, which misrepresents the nature, characteristics, qualities or origin of the counterfeit products and packaging.

38. Defendants continue their violations of Plaintiff's rights and do so willfully.

39. Plaintiff has been and continues to be injured by the Defendants' activities and conduct. Defendants have profited thereby and, unless Defendants are enjoined, Plaintiff's business, goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated for solely by money damages.

## COUNT III: FLORIDA COMMON LAW UNFAIR COMPETITION

40. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

41. In violation of the common law of the state of Florida, Defendants have unfairly competed with Plaintiff by packaging, labeling and/or selling the counterfeit products.

42. Plaintiff has been and continues to be injured by Defendants' activities and conduct alleged. Defendants have profited thereby and, as a result, Plaintiff is entitled to compensatory and punitive damages from Defendants.

43. Defendants continue their violations of Plaintiff's rights and do so willfully.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. That preliminary and permanent injunctions be issued pursuant to 15 U.S.C. §1116, and Florida common law, enjoining Defendants, their subsidiaries, parents, affiliates, agents, servants, employees, directors, officers and attorneys and those persons or entities in active concert or participation with them:

   i. From possessing, marketing, selling and offering for sale counterfeit product or packaging bearing Plaintiff's DOUBLE DIAMOND and/or INSURRECTION trademarks, trade dresses or reproductions, counterfeits, copies or colorable imitations thereof;

   ii. Except for surrendering to Plaintiff the counterfeit products and packaging, from possessing, receiving, manufacturing, assembling, distributing, warehousing, shipping, transhipping, transferring, storing, advertising, promoting, offering, selling, offering or holding for sale, disposing, or in any

|      |      |
|------|------|
|      | other manner handling or dealing with any goods, packaging, wrappers, containers and receptacles, and any catalogues, price lists, promotional materials and the like bearing a copy or colorable imitation of the Plaintiff's DOUBLE DIAMOND and/or INSURRECTION trademarks and/or trade dresses; |
| iii. | From infringing the Plaintiff's DOUBLE DIAMOND and/or INSURRECTION trademarks and/or trade dresses; |
| iv.  | From otherwise unfairly competing with Plaintiff; |
| v.   | From using any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's trademarks and/or trade dresses in connection with publicity, promotion, sale or advertising of goods sold by Defendants, including, without limitation, fragrance products bearing a copy or colorable imitation of the Plaintiff's trademarks and/or trade dresses; |
| vi.  | From affixing, applying, annexing or using in connection with the same any goods, false description or any representation, including words or other symbols, falsely describing, falsely representing such goods as being those of Plaintiff and from offering such goods in commerce of any state and/or the United States; |
| vii. | From using any trademarks, trade names or trade dresses in connection with the manufacture, sale, importation or distribution of any goods which may be calculated to represent such goods falsely as being connected with, or approved or sponsored by, Plaintiff; |

10

    viii. From destroying, altering, disposing of, moving, removing, concealing, tampering with, or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or any other documents or things relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, distribution, warehousing or transfer of any counterfeit product or packaging bearing the Plaintiff's trademarks and/or trade dresses; and

    ix. From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (viii);

B. That all infringing material be ordered seized, impounded and destroyed, pursuant to 15 U.S.C. §1118 and the equitable jurisdiction of the Court;

C. That Plaintiff be awarded from the Defendants its damages, including pre-judgment interest, in an amount to be ascertained at trial, and reasonable costs, investigative expenses and attorney fees, pursuant to 15 U.S.C. §1117(a), and Florida common law, and treble damages pursuant to 15 U.S.C. § 1117(b) and/or an award of statutory damages of up to $2,000,000.00 per counterfeit mark per type of goods for willful counterfeiting, pursuant to 15 U.S.C. §1117(c).

D. That Plaintiff be awarded punitive damages for Defendants' willful infringement of Plaintiff's trademarks and trade dresses in an amount to be ascertained at trial, pursuant to 15 U.S.C. §1117, and Florida common law.

E. That Plaintiff be awarded from the Defendant an amount to be ascertained at trial for

11

unfair competition under 15 U.S.C. §1117 and Florida common law; and

F.   That Plaintiff be awarded such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


Date: January 23, 2013                    RICHARD S. ROSS, ESQ.
                                          Attorney for Y.Z.Y., Inc.
                                          Fla. Bar No. 436630
                                          Atrium Centre
                                          4801 South University Drive
                                          Suite 237
                                          Ft. Lauderdale, Florida 33328
                                          Tel 954/252-9110
                                          Fax 954/252-9192
                                          E mail: prodp@ix.netcom.com